IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                       Cr. No. **3:22-cr-00327-AAT**
                                                            **Judge Trauger**

CALVIN ZASTROW,

    Defendant.

## SENTENCING MEMORANDUM

    COMES NOW, the defendant, Calvin Zastrow, by and through counsel, Robert Parris and submits this Sentencing Memorandum to assist the Court in its determination of a sentence that is sufficient but not greater than necessary to satisfy the factors set out in 18 U.S.C 3553. For the reasons set forth below, Mr. Zastrow respectfully requests the Court impose a sentence consistent with those factors and sentence him to 5 years of probation.

**NATURE OF THE OFFENSE**

    The instant offense is serious. In March 2021, Mr. Zastrow and others gathered at the Carafam Health Center in Mount Juliet Tennessee with the intent to prevent individuals from entering the facility and obtaining reproductive health services, namely abortions. He has been active in Pro-Life ministries for over thirty years and his criminal history indicates that at various times over those years he participated in protests/rescues/blockades multiple times. His criminal history also reflects that Mr. Zastrow has never been involved in any violent acts at any of these

incidents including the instant case, and he has zero criminal history points. Mr. Zastrow entered the Carafam Health Center in March of 2021 and positioned himself in front of the employee entrance. When one of the employees attempted to re-enter the Center, Mr. Zastrow refused to move and allow her to open the door. In doing so he literally slumped to the floor and curl up into almost a fetal position. When told by the employee to move and that he was trespassing, he politely refused and acknowledged that he was indeed trespassing

Mr. Zastrow and the others remained in the hallway of the Carafam Health Center for approximately three hours mostly praying and singing hymns. Mr. Zastrow did place his body in front of the Carafam Health Center doors. At no time did he ever initiate any unwanted contact with any patient, employee, or law enforcement officer. However he was shoved into the wall by one of the Mount Juliet Police officers when he refused to move from in front of the Center's door. He made no retaliatory reaction nor attempted to resist in any way. After the group was informed by Mr. Gallagher and Mr. Vaughn that it was time for those whose didn't intend to be arrested to leave the facility, Mr. Zastrow remained. He was handcuffed and arrested without incident and charged with Criminal Trespass, under T.C.A 39-13-405 which is a C Class misdemeanor. The charge was ultimately dismissed by the Wilson County District Attorney.

## HISTORY AND CHARACTERISTICS OF MR. ZASTROW

Mr. Zastrow is a 63 year old native Michigan resident. He is the son of Waldemar and Doris Zastrow who were married for 62 years until her death last year. His father was a pastor at the Assembly of God church and he worked construction to support his wife, daughter, and two sons. Mr. Zastrow's brother works with United Charitable and Royal Family Kids Camp providing charitable assistance to children's homes and foster homes. They all grew up in a loving and supportive Christian home which Mr. Zastrow described as "absolutely wonderful and beautiful."

His brother, Curt, who verified the family information agreed that they enjoyed a "charmed" childhood. Waldemar Zastrow is now 94 years old and lives with Cal's family and requires significant assistance to care for his basic needs. Incarceration of Cal Zastrow for any significant length of time would be a serious burden to the family.

Mr. Zastrow has been happily married to his wife Pattricia since 1983. They are the parents of four children and have four grandchildren. All of the children are grown and well adjusted and gainfully employed with the exception of his youngest, Eva, who is 25 and suffers from Ehlers-Danlos Syndrome. She lives with her parents and grandfather. Particia Zastrow is now a homemaker and cares for the elder Mr. Zastrow in the couples home. She previously provided in-house assistance for people with special needs. Following in his father's footsteps, Calvin Zastrow has been a lifelong pastor, youth pastor, and a counselor/pastor at a juvenile justice facility. He and his brother and children have carried on the family tradition of service to others, particularly to those that are the most in need. He regularly visits the sick in hospitals and has sheltered visiting pastors, unwed mothers, prostitutes, and troubled youth in his own home. He has been on mission trips all over the world including Cuba, China, Thailand, Singapore, Malaysia, Columbis and Peru. He has spent a significant amount of time in the Ukraine delivering humanitarian aid and as a missionary.

Calvin Zastrow is a Godly man in every sense of the word. Regardless of what anyone might think about the crime that he committed, no one could honestly doubt his motive. Deep in his heart he believes that abortion is immoral and amounts to murder, a belief that is widely held to varying degrees. His motive at the Carafam Health Center in March of 2021 was to save lives, and if it were at the expense of committing the crime of Criminal Trespass or even the F.A.C.E. Act, he believed that the ends justified the means. What he is not is an irrational zealot nor an aspiring martyr. He does not advocate more radical and violent forms of protest such as arson, property destruction, or

any type of violence. In fact, his main focus and the focus of this group was to employ as passive and non-threatening tactics as possible designed to avoid any physical harm to anyone, including employees and law enforcement. This is why he chose to lie in front of the door instead of stand. He recognizes that his size can easily be interpreted as threatening which is why he laid down. Its also why he presented no resistance nor made no retaliatory movements towards the officer when he was shoved into the wall. He does not want to be taken away from his family or his ministry and incarcerated in a federal prison. Mr. Zastrow expected to be arrested for trespass or some some equivalent crime when he entered the Carafam Health Center. He did not expect the weight of the entire federal government to come crashing down as it did nearly 18 months later.

### THE NEED FOR THE SENTENCE TO REFLECT THE SERIOUSNESS OF THE CRIME, PROMOTE RESPECT FOR THE LAW, AND PROVIDE A JUST PUNISHMENT FOR THE OFFENSE

Make no mistake, Mr. Zastrow committed a crime in 2021. A crime that he can no longer commit in this state or District. This crime was literally a non-violent act of civil disobedience that has resulted in very serious federal felony and misdemeanor charges that carry very serious maximum penalties. The very idea that a man like Calvin Zastrow is facing up to 10 years in a federal prison for this act certainly promotes respect for the law, if not outright fear. Given the non-violent nature of this offense and the history and characteristics of Mr. Zastrow, a five year period of probation is a just punishment and would reflect the seriousness of the crime.

### THE NEED TO AFFORD ADEQUATE GENERAL DETERRENCE

Among the many things that counsel has learned about the Pro-Life and Pro-Choice Movements during the pendency of this case is that there are wide varieties of groups within both Movements. There are Pro-Choice groups that have resorted to acts of violence and property destruction against Pro-Life groups. There are Pro-Life groups that have resorted to the same against

Pro-Choice supporters. It is important to distinguish Mr. Zastrow and his actions with the more radical Pro-Life supporters. Counsel is confident that this Court is aware of the D.C. prosecution in a similarly charged case and the significant sentences that it yielded. That case involved a Pro-Life group that employed a more aggressive approach to the blockade of the clinic. In that case an employee was injured during the blockade and the presiding judge found that it was a crime of violence and sentenced the defendants accordingly. The Carafam incident was far different and can be easily distinguished. There is nothing violent about this offense. It was an act of non-violent civil disobedience by a man who has spent his entire life preaching the Gospel and serving those who are troubled and in need. The felony conviction itself, along with a five year period of probation will send the message to even the most docile protestors who are tempted to intimidate or physically block potential patients from receiving reproductive health services of any kind, that the possibility of a federal felony prosecution is real.

## THE NEED TO PROTECT THE PUBLIC FROM FURTHER CRIMES BY MR. ZASTROW

The need for incarceration to provide specific deterrence in this cause is not present for two main reasons. First, since the *Dobbs* decision, there is no need for a deterrent sentence in this cause since abortion is no longer legal in this state and the Middle District. There are simply no more Health Centers that offer abortions to protest or blockade. More importantly, the mere threat of incarceration by the charges themselves have provided sufficient deterrence to Mr. Zastrow as evinced by his cessation of blockade activities for approximately 20 months. The threat of incarceration that would accompany a five year probationary period would logically deter Mr. Zastrow from any other illegal activity in other jurisdictions that may not have criminalized abortion. There is no other evidence that Mr. Zastrow is a danger to commit any other type of crime in his

history either. To the contrary, incarceration would be a significant burden on his family and deprive untold needy and less fortunate people from the service and ministry that Mr. Zastrow has provided for virtually his entire adult life. A five year probationary period would provide the sufficient specific deterrence contemplated in Section 3553 and would not be a sentence greater than necessary to accomplish that goal.

### THE NEED TO PROVIDE THE DEFENDANT WITH THE NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER.

Obviously Mr. Zastrow is not an offender in need of correctional rehabilitation. He leads a modest life of service off unsolicited donations from parishioners and non-profits. Therefore vocational training is not appropriate. He doesn't drink or use drugs. He has a college degree so educational programs are not needed. The only concern would be his health.

Mr. Zastrow is in reasonably good health for a 63 year old man with a history of some hard labor. While he has been a minister for virtually his whole life, he is no stranger to manual labor as referenced in the Presentence Report describing his fused neck vertebra. The prospect of a period of incarceration for a man his age must be a frightening thought. If the Court finds that incarceration is necessary to accomplish the sentencing goals set forth in Section 3553, counsel would request that Mr. Zastrow be housed in a facility that would be as low security as allowable and that the facility have the appropriate medical facilities for a man his age.

**WHEREFORE, PREMISES CONSIDERED**, the defendant prays this Court sentence Mr. Zastrow to five years probation, which is a sentence that is sufficient to further the sentencing goals expressed in 18 U.S.C. 3553, and for such other relief that the Court deems appropriate.

Respectfully submitted,

s/ *Robert L. Parris*
Robert Parris, B.P.R. #19847
Attorney for Mr. Zastrow
208 Third Avenue North, Suite 300
Nashville, Tennessee 37201
(901) 490-8026
rlp@robertparrisattorney.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing *Sentencing Memorandum* has been electronically delivered to Nani Gilkerson, Assistant United States Attorney, via ECF filing, on this the 28th day of June, 2024.

s/ *Robert L. Parris*
Robert L. Parris