# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cr-00327** |
| | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **CALVIN ZASTROW [3]** | ) | |
| **COLEMAN BOYD [4]** | ) | |

## MEMORANDUM and ORDER

Before the court are Motions for Release Pending Appeal, filed by defendants Calvin Zastrow (Doc. No. 681) and Coleman Boyd (Doc. No. 691). The government opposes both motions. (Doc. Nos. 695, 696.) For the reasons set forth herein, and as set forth in greater detail in the Order denying a similar motion filed by defendant Paul Vaughn (*see* Doc. No. 693), both motions will be denied.

## I.     BACKGROUND

Following a jury trial, Calvin Zastrow and Coleman Boyd were found guilty of (1) conspiring to block access to a clinic providing reproductive health services, in violation of 18 U.S.C. § 241, and (2) violating the Freedom to Access Clinic Entrances ("FACE") Act, 18 U.S.C. § 248(a). On July 3, 2024, after separate sentencing hearings, the court sentenced Zastrow to six months in the custody of the Federal Bureau of Prisons as to each of Counts 1 and 2, to run concurrently, to be followed by three years of supervised release on Count 1, with the first six months of supervision to be spent on home detention. (Judgment, Doc. No. 677.) Boyd was sentenced to a five-year term of probation on both Counts 1 and Count 2, to run concurrently with

each other, with the first six months of supervision to be spent on home detention, and payment of a lump sum fine of $10,000. (Amended Judgment, Doc. No. 698.)

After these defendants were sentenced, they both filed motions, through counsel, to stay any sentence imposed pending resolution of their appeals under the Bail Reform Act, 18 U.S.C. § 3143(b) and/or Federal Rule of Criminal Procedure Rule 38. (Doc. Nos. 681, 691.) In support of their motions, both defendants argue that they are not likely to flee, that they do not pose a danger to the safety of another person or the community, that their appeals are not for the purpose of delay, and that their appeals raise substantial questions of law or fact likely to result in a favorable outcome.

The government filed an Opposition to both motions (Doc. Nos. 695, 696), asserting that the defendants' arguments in support of a stay do not raise novel issues and, instead, raise issues that have been uniformly decided against the defendants in other cases and that have already been addressed by this court in denying the collective defendants' motions to dismiss in July 2023, in *United States v. Gallagher*, 680 F. Supp. 3d 886 (M.D. Tenn. 2023).

## II.     LEGAL STANDARDS

18 U.S.C. § 3143(b), the statute under which Zastrow's motion was filed, provides that a person "who has been found guilty of an offense and sentenced to a term of imprisonment" must be detained pending appeal, unless the court finds (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of another person or the community and (2) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); 18 U.S.C. § 3143(b).

Relatedly, Federal Rule of Criminal Procedure 38, invoked by Zastrow and Boyd, authorizes the court to stay a sentence, whether a sentence of imprisonment, a fine, a sentence of probation, or a restitution order. Fed. R. Crim. P. 38(b)–(e).[1] However, "a stay 'is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 432 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)); *see also Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020). It is within the court's discretion to grant a stay, but the burden is on the party seeking the stay to show that the circumstances justify the exercise of that discretion. *Nken*, 556 U.S. at 433–34.

Rule 38 does not identify the criteria relevant to the issuance of a stay of a probationary sentence, but courts generally consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*United States v. Aguirre*, No. 1:21-mj-00094-SAB, 2024 WL 2301916, at *2 (E.D. Cal. May 21, 2024) (quoting *Nken*, 556 U.S. at 434 (characterizing this four-factor test as the "traditional" standard for determining whether to stay a judgment and applying it in the context of a petition to stay an alien's removal pending judicial review)); *see also United States v. Bical*, 409 F. Supp. 3d 51, 52 (E.D.N.Y. 2019) (applying *Nken* to Rule 38(c) motion challenging imposition of fine); *United States v. Razzouk*, No. 11-CR-430 (ARR), 2018 WL 3574868, at *1 (E.D.N.Y. July 25, 2018) (applying *Nken* standard to motion to stay restitution order under Rule 38(e)). "The first two factors . . . are the most critical." *Bical*, 409 F. Supp. 3d at 52 (quoting *Nken*, 556 U.S. at 434). "To justify a stay the moving party must at a minimum show that he has a substantial case for relief on

---

[1] Rule 38(b) works in conjunction with 18 U.S.C. § 3143(b), insofar as it provides that, if a defendant is released pending appeal, "the court must stay a sentence of imprisonment."

the merits, and that irreparable harm is probable if the stay is not granted." *Aguirre*, 2024 WL 2301916, at *2 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011)).

## III.   DISCUSSION

For the same reasons set forth in the Memorandum and Order (Doc. No. 693) denying defendant Paul Vaughn's Motion for Stay Pending Appeal, the court finds that relief is not warranted, because neither of these defendants has "made a strong showing that he is likely to succeed on the merits" of his appeal or, under 18 U.S.C. § 3143(b)(1)(B), raised a substantial question of law or fact likely to result in reversal or an order for a new trial.

In their motions, Zastrow and Boyd posit that (1) the Indictment was "invalidated by retroactive application" of the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), which overturned *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood v. Casey*, 505 U.S. 833 (1992); (2) the constitutionality of the FACE Act has been called into question by *Dobbs*; (2) *Dobbs*, besides reversing *Roe*, eroded the commerce clause jurisdictional foundation on which FACE was enacted; (3) the FACE Act is unconstitutional as applied to them, as they were "engaged in the protected activities of engaging in free assembly, speaking out against abortion, and petitioning the government" (Doc. No. 681, at 5): (4) the FACE Act is unconstitutional, insofar as it constitutes a "content-based statute that cannot survive strict scrutiny" (*id.*; *see also* Doc. No. 691, at 7); and (5) the Indictment should have been dismissed because the government engaged in selective prosecution. Boyd, like Vaughn, also argues that the application of 18 U.S.C. § 241 to him in this case is unconstitutional and unprecedented, insofar as it was used to target individuals whose "aim, agreement, and activity was [sic] protected by the First Amendment" (Doc. No. 691, at 6–7) and that the Supreme Court's recent decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024), provides further support for the argument against the conspiracy charge in this case, insofar as the government's "novel interpretation" of Section 241

has resulted in the conviction of individuals who intended to engage in activity protected by the First Amendment.

Except for this last argument based on *Fischer*, the court has already considered at length and rejected virtually identical arguments, raised in the context of motions to dismiss the Indictment. *See generally United States v. Gallagher*, 680 F. Supp. 3d 886 (M.D. Tenn. 2023). To this court's knowledge, every other court that has considered the same arguments regarding the unconstitutionality of the FACE Act on its own and as the basis for a conspiracy charge under 18 U.S.C. § 241 has likewise rejected them. *See, e.g.*, *United States v. Williams*, No. 1:22-cr-00684 (JLR), 2023 WL 7386049, at *1 (S.D.N.Y. Nov. 8, 2023); *United States v. Freestone*, No. 8:23-cr-25-VMC-AEP, 2023 WL 4824481, at *6 (M.D. Fla. July 27, 2023); *United States v. Handy*, No. 22-096 (CKK), 2023 WL 4744057 (D.D.C. July 25, 2023). The court again declines to reconsider or to rehash its prior holding but adopts and incorporates herein its ruling on the motions to dismiss, based on which the court finds that these defendants have not established a strong likelihood of success on appeal based on their challenges to the constitutionality of the statutes of conviction.

As for Boyd's argument based on *Fischer,* as the court already explained in rejecting Paul Vaughn's Motion for Release Pending Appeal, it is possible that the conspiracy against rights statute might be narrowed, in an appropriate case, for reasons similar to some of those in *Fischer*. However, Boyd's perfunctory citation to *Fischer* is insufficient to establish a meaningful likelihood of success because (1) he has not explained how the statute would be narrowed in a way that would exclude the conduct for which he was convicted and, (2) as explained in the court's prior Memorandum and Order, Boyd and his codefendants objected to a jury instruction that would

have explicitly narrowed the relevant terms, in favor of a more open-ended instruction. (*See* Doc. No. 693, at 7–9.)

## IV.  CONCLUSION AND ORDER

As neither of these defendants has "made a strong showing that he is likely to succeed on the merits" of his appeal or, under 18 U.S.C. § 3143(b)(1)(B), raised a substantial question of law or fact likely to result in reversal or an order for a new trial, their Motions for Release Pending Trial (Doc. Nos. 681, 691) are **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge